1  Geoffrey R. W. Smith (CSBN 49947)
   GRWSLawyer@aol.com
2  GEOFFREY SMITH PLLC
   1350 I Street, NW, Suite 900
3  Washington, D.C. 20005
   Telephone: (202) 625-1224
4  Facsimile: (202) 333-1637

5  Philip S. Beck (Pro Hac Vice to be filed)
   philip.beck@bartlit-beck.com
6  Lindley J. Brenza (Pro Hac Vice to be filed)
   lindley.brenza@bartlit-beck.com
7  Kaspar J. Stoffelmayr (Pro Hac Vice to be filed)
   kaspar.stoffelmayr@bartlit-beck.com
8  Carolyn J. Frantz (Pro Hac Vice to be filed)
   carolyn.frantz@bartlit-beck.com
9  BARTLIT BECK HERMAN PALENCHAR & SCOTT
   54 West Hubbard Street, Suite 300
10 Chicago, IL 60610
   Telephone:  (312) 494-4411
11 Facsimile:   (312) 494-4440

12 Duncan Barr (CSBN 49259)
   dbarr@ocdb.com
13 Molly A. Kuehn (CSBN 230763)
   mkuehn@ocdb.com
14 O'CONNOR, COHN, DILLON & BARR
   2405 16th Street
15 San Francisco, CA 94103
   Telephone: (415) 281-8888
16 Facsimile:  (415) 503-4117

17 Attorneys for Defendant
   Bayer Corporation
18
   Marilyn A. Moberg (CSBN 126895)
19 mmoberg@reedsmith.com
   Monica Y. Choi (CSBN 215847)
20 mchoi@reedsmith.com
   REED SMITH LLP
21 355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90017
22 Telephone: (213) 457-8000
   Facsimile: (213) 457-8080
23
   Richard Berkman (Pro Hac Vice to be filed)
24 Richard.Berkman@dechert.com
   R. David Walk, Jr. (Pro Hac Vice to be filed)
25 David.Walk@dechert.com
   DECHERT LLP
26 Cira Center
   2929 Arch Street
27 Philadelphia, PA 19104-2857
   Telephone:  (215) 994-4000
28 Facsimile: (215) 655-2684

DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12

1

Attorneys for Defendant
Baxter Healthcare Corporation

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| Chang, Y.; Chen, C.; Chen, T-Y., individually and as successor in interest on behalf of Chen, H.; Chen, S. and Chen, C-Y., individually and as successors in interest on behalf of Chen, K. and Chen, L-Y.; Huang, Y. and Chen, P., individually and as successors in interest on behalf of Chen, N.; Chen, T. and Shih, M.; Chiu, C-F., individually and as successor in interest on behalf of Chiu, F.; Ho, C-L., and Ho, H-Y., individually and as co-personal representatives of the Estate of Ho, C-C.; Hsieh, Y. and Hsieh C., individually and as successors in interest on behalf of Hsieh, T.; Yang, M., individually and as successor in interest on behalf of Huang, Y.; Huang, Y-H.; Wu, M., individually and as successor in interest on behalf of Lai, C-Y.; Wu, M.; Li, C-H. and Wang, S.; Li, P. and Li, L-S., individually and as successors in interest on behalf of Li, C-C.; Li, P-W.; Li, S.; Liao, C.; Lin, C-M. and Lin, C-F., individually and as successors in interest on behalf of Lin, Che-H.; Lin, P., individually and as successor in interest on behalf of Lin, C-H.; Lin, Y., individually and as successor in interest on behalf of Lin, Chi-M.; Yang, K., individually and as successor in interest on behalf of Lin, S.; Liu, C-A. and Chang, Y-Y., individually and as successors in interest on behalf of Liu, C.; Liu, P., individually and as successor in interest on behalf of Liu, H.; Liu, Y. and Chuang, L.; Tai, A., individually and as successor in interest on behalf of Tai, M.; Tsai, C-H.; Huang, M-Y., individually and as successor in interest on behalf of Tsai, C-M.; Tsai, Y. and Huang, M-C., individually and as successors in interest on behalf of Tsai, H-T.; Li, A., individually and as successor in interest on behalf of Tsai, S.; Tseng, C.; Wang, M.; Yu, W., <br><br>Plaintiffs, <br><br>v. | **CASE NO.: CV 08 3703 (BZ)** <br><br> **E-FILED** <br><br> **DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** <br><br><br> **RELATED TO: Peng, et al. v. Bayer Corporation, et al., No. CV 08 3704 (JL)** |

Bayer Corporation, Successor to Miles Laboratories and Miles, Inc.; Successor to Cutter Biological, and Cutter Laboratories, Inc. and Baxter Healthcare Corporation, and its Hyland Division,

Defendants.

In accordance with Civil Local Rule 3-12, Defendants Bayer Corporation[1] and Baxter Healthcare Corporation, improperly sued as "Baxter Healthcare Corporation, and its Hyland Division," through undersigned counsel, hereby notify this Court that the above-captioned action is related to the following action which has also been removed to the United States District Court for the Northern District of California:

1.  Peng, et al. v. Bayer Corporation, et al., Case No. CV 08 3704 (JL)

The *Chang* and *Peng* cases meet the definition of "related" cases under Local Rule 3-12. To be deemed related the Local Rules require that: (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. *See* L.R. 3-12(a). Here, two lawsuits, against the same two defendants, both brought by citizens of Taiwan, and both removed to this Court, involve the same allegations, *i.e.* breaches of identical provisions in settlement agreements arising from essentially identical facts. As such, both cases will involve the same facts and law, including identical initial procedural issues in this Court that should be decided efficiently and consistently by a single judge.

**I. The Two Actions Are Substantially the Same**

Plaintiffs in both the *Chang* and *Peng* cases are citizens of Taiwan asserting claims "to enforce the provisions of a "contract … ." Those contracts are basically identical agreements, entered into in Taiwan from 1998 to 2002, between Bayer and Baxter and the named Plaintiffs or their family

---

[1] Miles Laboratories, Miles, Inc., Cutter Biological and Cutter Laboratories, Inc. do not exist as such as separate corporate entities. Through a series of mergers, acquisitions and changes of corporate name they are now part of Bayer Corporation.

members. In each case, the named plaintiff or a family member was a person with hemophilia who allegedly took medications used to treat hemophilia distributed in Taiwan by Bayer and/or Baxter. Allegedly as a result, the person with hemophilia was infected with the virus known as "HIV." In both *Chang* and *Peng*, the wife of one infected hemophiliac alleges that she was, in turn, infected by her husband.

Under the agreements, for each infected person, Bayer and Baxter paid the sum of approximately US$60,000 to the infected person or members of their family.

The dispute in both cases is over the meaning of identical language in all of the agreements. Plaintiffs assert (and Defendants deny) that under Paragraph 9 of the agreements Plaintiffs are entitled to an additional payment equal to the amount by which other settlements of similar claims in other countries exceeded the amount the Plaintiffs were paid in Taiwan.

In short, *Chang* and *Peng* are essentially the same action brought by two separate groups of similarly situated plaintiffs. As such they clearly satisfy the first test of relatedness under Local Rule 3-12.

## II. Both Cases Should Be Conducted Before the Same Judge

Because *Chang* and *Peng* are based on the same facts and will involve the same law, there is every reason to have the merits heard by the same judge in this Court, if and when such action in this Court is called for. However, initially, in both *Chang* and *Peng*, this Court will need to consider whether to stay proceedings in the Northern District of California, pending the outcome of steps that have already been initiated before the Judicial Panel on Multidistrict Litigation ("the Panel") to transfer these cases to MDL-986: In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation, pursuant to 28 U.S.C. § 1407.[2] MDL-986 is pending before The Honorable John F. Grady in the Northern District of Illinois. Defendants have requested that Plaintiffs' counsel consent to a stay pending the outcome of the § 1407 proceedings and he is

---

[2] See "tag along" notifications filed with the Panel under J.P.M.L Rule 7.2(i) on August 7, 2008, attached hereto as Exhibit A.

currently considering that request.

Since MDL-986 was established in 1993, every case filed in this Court against Bayer and Baxter involving their factor concentrates has been transferred to Judge Grady; most without objection.[3] That includes a case filed in this Court in 2004, No. C 04 1925, by the same counsel for most of the same plaintiffs in the current *Chang* case.[4] Plaintiff Peng, Da'Gang, lead plaintiff in the current *Peng* case, also filed a case in the Superior Court of California, County of Los Angeles, in 2004 as No. BC315949. That case was removed to the Central District of California as No. CV04-3741 and was also transferred to MDL-986.[5]

If Plaintiffs ultimately oppose a stay in these proceeding, it makes no sense to have that dispute decided by different judges.[6] And if there is no stay, or if the cases are eventually remanded for a determination on the merits, assignment of these cases to a single judge will also conserve judicial and party resources at that point, promote the efficient conduct of the litigation in

---

[3] See Defendants' Local Rule 3-13 notice in this matter.

[4] See Panel Order CTO-78 dated July 27, 2004, attached hereto as Exhibit B. The Complaint in No. C 04 1925 (N.D. CA 2004) designated that case as a "Tag Along Action to MDL 986." When that same counsel filed a new Complaint in the Northern District of California, on behalf of relatives of one of the 2004 Chang plaintiffs who had died, he designated it as a case related to cases previously transferred to MDL-986. See Notice of Related Cases file September 15, 2006 in Ho, Chih-Lung, et al. V. Bayer Corp. et al, No. C-06-5667MJJ (N.D. CA 2006).

[5] See Panel Order CTO-78 dated July 27, 2004, attached hereto as Exhibit B. Mr. Baum now also represents this plaintiff.

[6] The Chang plaintiffs who are already before Judge Grady in MDL-986 recently filed a "Motion for an Order Severing Plaintiffs' Contract Claims" (attached hereto as Exhibit C) and sought to have them remanded to the Northern District of California; this on the ground that they were unrelated to the tort claims for which MDL-986 was originally established. Judge Grady denied that motion, concluding that "the 'contract claims' are closely related to the tort claims and that severance would destroy the coherence of the litigation." He found that it was "necessary" for him to retain jurisdiction over the "contract claims" to decide a pending motion to dismiss the Chang and Peng plaintiffs based on forum non conveniens. See Order of June 10, 2008, attached hereto as Exhibit D. Specifically, all of the claims of all of the Taiwan plaintiffs in MDL-986 are currently subject to a motion to dismiss on the basis of forum non conveniens. Discovery related to that motion took place over several months and has included contested motions before Judge Grady. In addition to the production of documents, American counsel have already traveled to Taiwan for the deposition of Defendants' expert and the plaintiffs' opposition brief is due on August 18, 2008. Under the schedule established by Judge Grady for this motion, the briefing should be completed no later than October 2, 2008.

this Court, and ensure the just, expeditious and consistent resolution of all disputed issues. In short, because the *Chang* and *Peng* cases raise the same substantive and procedural issues, assignment to different judges in this District would result in undue duplication of labor and expense and risk inconsistent results. Therefore, *Chang* and *Peng* clearly satisfy the second test of relatedness under Local Rule 3-12.

For all the foregoing reasons, Bayer and Baxter respectfully suggest that the *Peng* case be assigned to The Honorable Magistrate Judge Bernard Zimmerman.

Dated: August 8, 2008                                            GEOFFREY SMITH, PLLC


By: /s/Geoffrey R. W. Smith
    Geoffrey R. W. Smith


Attorneys for Defendant
Bayer Corporation


Dated: August 8, 2008

REED SMITH LLP


By: Geoffrey R.W. Smith on behalf of and with
    authorization of Marilyn Moberg
    Marilyn A. Moberg
    Monica Y. Choi

    Richard Berkman (*Pro Hac Vice* to be filed)
    David Walk (*Pro Hac Vice* to be filed)

    Attorneys for Defendant
    Baxter Healthcare Corporation

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action. I am a member of the bar of this court. My business address is GEOFFREY SMITH PLLC, 1350 I Street, NW, Suite 900, Washington, DC 20005.

On August 8, 2008, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet, as listed below.

**DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**

Michael L. Baum, Esq.
    Email: mbaum@baumhedlundlaw.com
    Attorneys for Plaintiffs

Marilyn Ann Moberg, Esq.
    Email: mmoberg@reedsmith.com
    Attorneys for Defendant Baxter Healthcare Corporation

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 8, 2008, at Washington, D.C..

                /s/Geoffrey R. W. Smith

# GEOFFREY SMITH, PLLC
## ATTORNEYS AT LAW

1350 I Street, Northwest
Suite Nine Hundred
Washington, DC 20005

RECEIVED
CLERK'S OFFICE

2008 AUG -7 P 3:58

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Geoffrey R. W. Smith
GRWSLawyer@aol.com

Telephone:   (202) 625-1224
Facsimile:   (202) 333-1637

August 7, 2008

VIA HAND DELIVERY

Michael J. Beck
Clerk of the Panel
The Judicial Panel on Multidistrict Litigation
Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Re: Tag-Along Case in MDL-986: In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation

Dear Mr. Beck:

I represent Bayer Corporation in MDL-986.

The case of Chang, Y., et al. v. Bayer Corp. et al., was filed in the Superior Court of California for the County of Alameda and was removed to the United States District Court for the Northern District of California, Oakland Division, on August 4, 2008, where it is pending as No. CV 08 3703 before Magistrate Judge Bernard Zimmerman.

The case of Peng, D-G., et al. v. Bayer Corp. et al., was also filed in the Superior Court of California for the County of Alameda and was removed to the United States District Court for the Northern District of California, Oakland Division, on August 4, 2008, where it is pending as No. CV 08 3704, currently before Chief Magistrate Judge James Larson. Copies of the original Summons and Complaints in both the Chang and Peng cases are attached as Exhibits A and B. Copies of the Chang and Peng Notices of Removal are attached as Exhibits C and D.

The Plaintiffs in the Chang and Peng cases are citizens of Taiwan who are (a) persons with hemophilia, who allege they were infected with HIV and/ or HCV from their use of the

Michael J. Beck
August 7, 2008
Page 2

defendants' factor concentrates (a medicine used to treat hemophilia) or (b) family members of such persons. The claims are brought against Bayer Corporation and Baxter Healthcare Corporation, two of the four fractionator defendants that are defendants in MDL-986.

Many of the issues raised by the new Chang and Peng complaints are similar to issues currently being actively litigated before The Honorable John F. Grady in MDL-986, In re "Factor VIII or IX Concentrate Blood Products" Liability Litigation, 853 F. Supp. 454 (J.P.M.L. 1993) by some of these very same plaintiffs.

The Chang and Peng Plaintiffs in these new cases are asserting claims "to enforce" basically identical "Settlement Agreements" entered into in Taiwan from 1998 to 2002, between Bayer and Baxter and the named Plaintiffs or their family members. The dispute in both cases is over the meaning of identical language in all of the agreements, with Plaintiffs asserting (and Defendants denying) that Plaintiffs are now entitled to an additional payment.

In a Complaint filed in 2004, many of the same plaintiffs in the new Chang litigation included similar allegations regarding the earlier agreements (along with "tort" claims based on the original infections). The 2004 Chang Complaint was transferred by the Panel to MDL-986. See Panel Order 78, July 27, 2004. Plaintiff Peng, D-G., also filed a complaint filed in 2004. It too was transferred by the Panel to MDL-986. Id. However, for that 2004 Complaint, Mr. Peng was represented by different counsel and made only "tort" claims at that time.

One compelling reason to transfer the new Chang and Peng cases to Judge Grady is that all of the claims of all of the Taiwan plaintiffs in MDL-986 are currently subject to a motion to dismiss on the basis of forum non conveniens. Discovery related to that motion took place over several months and has included contested motions before Judge Grady. In addition to the production of documents, American counsel have already traveled to Taiwan for the deposition of Defendants' expert and the plaintiffs' opposition brief is due on August 18, 2008. Under the schedule established by Judge Grady for this motion, the briefing should be completed no later than October 2, 2008. There is no reason for this entire process to be repeated in the Northern District of California.

It is also significant that the Chang plaintiffs who are already before Judge Grady in MDL-986 recently filed a "Motion for an Order Severing Plaintiffs' Contract Claims" (attached hereto as Exhibit E) and sought to have them remanded to the Northern District of California; this on the ground that they were unrelated to the tort claims for which MDL-986 was originally established. Judge Grady denied that motion, concluding that "the 'contract claims' are closely related to the tort claims and that severance would destroy the coherence of the litigation." He found that it was "necessary" for him to retain jurisdiction over the "contract claims" to decide the pending motion to dismiss the Chang and Peng plaintiffs based on forum non conveniens. See Order of June 10, 2008, attached hereto as Exhibit F.

Michael J. Beck
August 7, 2008
Page 3

For all of the foregoing reasons, Bayer Corporation believes that transfer of the new Chang and Peng cases to the Northern District of Illinois "will promote the just and efficient conduct" of this action. 28 U.S.C. § 1470(a). Transfer under § 1407 will also avoid the potential for duplicative discovery and inconsistent rulings on legal issues such as forum non conveniens now pending in the Northern District of Illinois as part of MDL-986. Therefore, both the Chang and Peng cases should be treated as "tag-along" cases in MDL-986 and a conditional transfer order should be issued for both cases.

Please advise me as soon as possible if a conditional transfer order will not be issued in this matter; so that defendants can promptly file a motion to have these cases transferred to MDL-986.

Sincerely,

Geoffrey R.W. Smith

GRWS/ps
Enclosure(s)

A CERTIFIED TRUE COPY

JUL 16 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUL 23 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 30 2004

FILED
CLERK'S OFFICE

04 C 4868
Judge Grady

DOCKET NO. 986

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE "FACTOR VIII OR IX CONCENTRATE BLOOD PRODUCTS"*
*PRODUCTS LIABILITY LITIGATION*

*Da Gan Peng, et al. v. Bayer Corp., et al.,* C.D. California, C.A. No. 2:04-3741
*Y. Chang, et al. v. Bayer Corp., et al.,* N.D. California, C.A. No. 3:04-1925

DOCKETED
JUL 27 2004

*CONDITIONAL TRANSFER ORDER (CTO-78)*

On December 7, 1993, the Panel transferred 27 civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 222 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable John F. Grady.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Grady.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 7, 1993, 853 F. Supp. 454 (J.P.M.L. 1993), and, with the consent of that court, assigned to the Honorable John F. Grady.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE* FACTOR VIII OR IX CONCENTRATE BLOOD PRODUCTS PRODUCTS LIABILITY LITIGATION | MDL No. 986 JFG, Case No. 1:93cv7452 <br><br> THIS DOCUMENT RELATES TO <br> Chang, et al. v. Bayer Corporation, *et al.* <br> Case No. 04C4869 |

## MOTION FOR AN ORDER
## SEVERING PLAINTIFFS' CONTRACT CLAIMS

Pursuant to Federal Rules of Civil Procedure 21, Plaintiffs in the matters entitled *Chang et al. v. Bayer Corporation, et al.*, Case No. 04-C-4869 and *Ho v. Bayer Corporation*, Case No. C-06-5667, both made part of MDL 986 (JFG), No. 1:93 CV 7452, hereby move for an order suggesting that the Judicial Panel on Multidistrict litigation sever the contract allegations in the respective paragraphs 157 through 174 and paragraphs 121 through 138 and remand of those allegations to the transferor court in the Northern District of California. This motion is based upon the Notice of Motion and Memorandum of Points and Authorities, all filed concurrently herewith, and upon the papers, records and pleadings on file herein.

May 7, 2008                           Respectfully Submitted,

/s/ Michael L. Baum
Michael L. Baum, (CA Bar No. 119511)
Frances M. Phares (LA Bar No. 10388)
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
(310) 207-3233 Tel
(310) 820-6208 Fax
mbaum@baumhedlundlaw.com
fphares@baumhedlundlaw.com

1

Attorneys for Plaintiffs in *Chang, et al. v. Bayer Corporation, et al.*, Case No. 04C4869

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2008, I caused to be served *Chang* **Plaintiffs' Motion for an Order Severing Plaintiffs' Contract Claims** on all counsel of record identified on the attached Service List via transmission by e-mail as indicated below:

Geoffrey R.W. Smith, Esq.
**GEOFFREY SMITH, PLLC**
1350 I Street, N.W., Suite 900
Washington, DC 20005
Ph: (202) 589-2010
Fax: (202) 333-1637
Email: grwslawyer@aol.com

Philip S. Beck, Esq.
**BARLIT BECK HERMAN PALENCHAR & SCOTT LLP**
Courthouse Place
54 West Hubbard Street
Suite 300
Chicago, IL 60610
Phone: (312) 494-4411
Fax: (312) 494-4440
Email: Philip.beck@barlit-beck.com

Kaspar J. Stofffelmayr, Esq.
Lindley J. Brenza, Esq.
**BARLIT BECK HERMAN PALENCHAR & SCOTT LLP**
1899 Wynkoop Street
Denver, CO 80202
(303) 592-3100 Tel
(303) 592-3140 Fax
kaspar.stoffelmayr@barlit-beck.com
lindley.brenza@barlit-beck.com

Sara J. Gourley, Esq.
Tamar Kelber, Esq.
**SIDLEY AUSTIN LLP**
1 S. Dearborn Street
Chicago, IL 60603
Ph: (312) 853-7000
Fax: (312) 853-7036

Email: sgourley@sidley.com
tkelber@sildley.com

Richard L. Berkman, Esq.
David Walk, Esq.
**DECHERT, LLP**
Cira Center
2929 Arch Street
Philadelphia, PA 19104-2857
Ph: (215) 994-4000
Fax: (215) 994-2222
Email: Richard.berkman@dechert.com
David.walk@dechert.com

Duncan Barr, Esq.
**O'CONNOR, COHN, DILLON & BARR**
2405 16TH Street
San Francisco, CA 94103
Ph: (415) 281-8888
Fax: (415) 503-4117
Email: dbarr@ocdb.com

/s/ Michael L. Baum
Michael L. Baum



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## Facsimile Cover Sheet

**Please Deliver to:**
**KASPAR STOFFELMAYR**

**Fax #:** 13035923140

**Company:**

---

**From:** Chambers of Hon. John F. Grady

**Phone:**

---

**Pages:** 3

==============================================================

**Message:**
BAUM, MICHAEL@13108207444; BECK, PHILIP@4944440; GOURLEY, SARA@8537036; SMITH, GEOFF@12023331637; STOFFELMAYR, KASPAR@13035923140; STACK, KEVIN@18185475329; BARR, DUNCAN@14155034117; BERKMAN, RICK@12159942222;

93-7452.085                                                          June 10, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE FACTOR VIII OR IX CONCENTRATE BLOOD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL 986 93 C 7452  This document relates to: Chang, et al. v. Bayer Corp., et al.  04 C 4869 |

### ORDER DENYING PLAINTIFFS' MOTION TO SEVER THEIR CONTRACT CLAIMS

The Taiwanese plaintiffs have moved this court to recommend to the Judicial Panel on Multidistrict Litigation that their contract claims be severed from their tort claims and remanded to the transferor district for determination. Their argument is that the contract claims are "unrelated" to the tort claims and that we should decide the defendants' pending *forum non conveniens* motion without regard to the these contract claims.

We agree with the defendants that the "contract claims" are closely related to the tort claims and that a severance would destroy the coherence of the litigation. Plaintiffs regard the Settlement Agreement (attached to their Memorandum as Exhibit A) as a "financial aid contract" (letter of Michael L. Baum, Esq.,

- 2 -

to the court dated May 12, 2008, p. 3, ¶ 11), whereas the defendants regard it as a full release of the tort claims in question. The agreement is therefore a defense that the defendants raise to the tort claims. If the agreement is indeed a release, that could be the end of the tort claims, but, in any event, the relationship of the agreement to the tort claims is at the heart of the litigation. In order to decide the defendants' *forum non conveniens* motion, it will be necessary for this court to consider, *inter alia*, which is the more convenient forum in which to litigate questions regarding the alleged release.

Plaintiffs' motion for an order suggesting to the Judicial Panel on Multidistrict Litigation that it sever the contract claims in plaintiffs' complaint and remand them to the transferor court in the Northern District of California is denied.

DATED: June 10, 2008

ENTER: _____
United States District Judge